**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Class*

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROBBINS and MARVIN FEIGES, on behalf of themselves, all others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, a Delaware Corporation,<br><br>Defendant. | Case No.: **'13CV0132 IEG NLS**<br><br><u>CLASS ACTION</u><br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §§ 227 *et seq.*<br><br><u>DEMAND FOR JURY TRIAL</u>** |

## INTRODUCTION

1. Bryan Robbins and Marvin Feiges ("Plaintiffs") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of The Coca-Cola Company ("Defendant"), in negligently, and/or willfully contacting Plaintiffs through SMS or "text" messages on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA"), thereby invading Plaintiffs' privacy. Plaintiffs allege as follows upon personal knowledge as to their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

## JURISDICTION AND VENUE

2. Jurisdiction is proper under 28 U.S.C. § 1332(d)(2) because Plaintiffs seek up to $1,500 in damages for each text message in violation of the TCPA, which, when aggregated among a proposed class number in the tens of thousands, exceeds the $5,000,000 threshold for federal court jurisdiction. Further, Plaintiffs allege a national class, which will result in at least one class member belonging to a different state than that of Defendant, providing jurisdiction under 28 U.S.C. Section 1332(d)(2)(A). Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.

3. Venue is proper in the United States District Court for the Southern District of California pursuant to 18 U.S.C. § 1391(b) and 1441(a) because Defendant, a Delaware corporation, is, and at all times herein mentioned was, doing business in the County of San Diego, State of California and because Plaintiff Bryan Robbins is a citizen and resident of the State of California and of this District.

## PARTIES

4. Plaintiff Bryan Robbins is, and at all times mentioned herein was, a citizen and resident of the State of California and of this District. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

5. Plaintiff Marvin Feiges is, and at all times mentioned herein was, a citizen and resident of the State of Maryland. He is, and at all times mentioned herein was a "person" as defined by 47 U.S.C. § 153 (32).

6. Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a Delaware corporation, and a "person," as defined by 47 U.S.C. § 153 (32).

7. On information and belief, Defendant The Coca-Cola Company maintains offices in Atlanta, Georgia and is registered to do business in California.

8. Plaintiffs allege that at all times relevant herein Defendant conducted business in the state of California and in the County of San Diego, and within this judicial district.

## FACTUAL ALLEGATIONS

9. One of the newest types of bulk marketing is to advertise through Short Message Services. The term "Short Message Service" or "SMS" is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters.

10. An "SMS message" is a text message call directed to a wireless device through the use of the telephone number assigned to the device. When an SMS or "text" message call is successfully made, the recipient's cell phone rings or otherwise notes the receipt of the text message, alerting him or her that a call is being received. As cellular telephones are inherently mobile and are frequently

carried on their owner's person, calls to cellular telephones, including SMS messages, may be received by the called party virtually anywhere worldwide.

11.  Unlike more conventional advertisements, such text messages actually costs its recipients money, because cell phone users must frequently pay their wireless service providers either for each text message call they receive or incur a usage allocation deduction to their text plan, regardless of whether or not the message is authorized.

12.  Over the course of an extended period beginning no later than in 2012, Defendant and their agents directed the mass transmission of text messages to the cell phones nationwide of what they hoped were customers or potential customers of Defendant's Coke products.

13.  In or around 2012, Plaintiff Bryan Robbins received unsolicited SMS or "text" messages to his wireless phone, for which Plaintiff provided no consent to receive the text messages, in an effort to promote the sale of Defendant's Coke products.

14.  During that time period, Plaintiff Bryan Robbins received various text messages from The Coca-Cola Company; the solicitation included an advertisement to promote Coke Zero.

15.  Plaintiff Bryan Robbins, in efforts to stop receiving text messages from The Coca-Cola Company, replied the word "STOP" to one of the text messages received; however, Plaintiff continued receiving text messages.

16.  In or around 2012, Plaintiff Marvin Feiges received unsolicited SMS or "text" messages to his wireless phone, for which Plaintiff provided no consent to receive the text messages, in an effort to promote the sale of Defendant's Coke products.

///

///

17. These unsolicited text messages placed to Plaintiffs' cellular telephones were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A) which had the capacity to store or produce and dial numbers randomly or sequentially, to place telephone calls and/or SMS or text messages to Plaintiffs' cellular telephones.

18. The telephone numbers that the Defendant, or its agents, called and/or sent the text messages to were assigned to cellular telephone services for which Plaintiffs incurred a charge for incoming calls or text messages pursuant to 47 U.S.C. § 227(b)(1).

19. These telephone text messages constituted "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

20. Plaintiffs did not provide Defendant or its agents prior express consent to receive unsolicited text messages pursuant to 47 U.S.C. § 227 (b)(1)(A).

21. These telephone confirmatory text messages by Defendant or its agents violated 47 U.S.C. § 227(b)(1).

22. These text messages were telephone "calls" under the TCPA that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

23. These text messages by Defendant or its agents therefore violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

24. Plaintiffs bring this action on behalf of themselves and on behalf of all others similarly situated ("the Class").

25. Plaintiffs represent, and are members of the Class, consisting of all persons within the United States who received any unsolicited SMS or text messages from Defendant or their agents on their paging service, cellular phone service, mobile radio service, radio common carrier service, or other service for

which they were charged for the SMS or text messages, through the use of any automatic telephone dialing system as set forth in 47 U.S.C. Section 227(B)(1)(A)(3) or artificial or prerecorded voice, which SMS or text messages by Defendant or its agents were not made for emergency purposes or with the recipients' prior express consent, within the four years prior to the filing of this Complaint.

26. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

27. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using unsolicited SMS or text messages, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiffs and the Class members. Plaintiffs and the Class members were damaged thereby.

28. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserve the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

29. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties

and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

30. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

  a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed cellular telephone SMS or text messages without the recipients' prior express consent (other than SMS or text messages made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic telephone dialing to any telephone number assigned to a cellular telephone service;

  b. Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

  c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

31. As people who received at least one unsolicited telephone SMS or text message without Plaintiffs' prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

32. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the

individual Class member's claims, few, if any, Class members could afford to individually seek legal redress for the wrongs complained of herein.

33. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

34. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

## FIRST CAUSE OF ACTION

## NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

35. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were made en masse through the use of a short code and without the prior express consent of the Plaintiffs and the other members of the Class to receive such text messages.

37. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

38. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

39. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE
## TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 ET SEQ.

40. Plaintiffs incorporate by reference the above paragraphs 1 through 34 inclusive, of this Complaint as though fully stated herein.

41. Each such text message call was made using equipment that, upon information and belief, had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. By using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of wireless phone numbers of consumers without human intervention. These text messages were made en masse through the use of a short code and without the prior express consent of the Plaintiffs and the other members of the Class to receive such text messages.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not

limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

43. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiffs and the Class are entitled to treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

44. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

**Wherefore**, Plaintiffs respectfully request the Court grant Plaintiffs and the Class members the following relief against Defendant:

## FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

45. As a result of Defendant's, and Defendant's agents', negligent violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Pursuant to 47 U.S.C. § 227(b)(3)(A), Plaintiffs seek injunctive relief prohibiting such conduct in the future.

47. Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.

48. As a result of Defendant's, and Defendant's agents', willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, up to $1,500.00 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

49. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

50. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues so triable.

Dated: January 16, 2013

*/s/ Ronald A. Marron*
By: Ronald A. Marron
**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON
SKYE RESENDES
ALEXIS WOOD
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone: (619) 696-9006
Facsimile: (619) 564-6665

*Attorneys for Plaintiffs and the Proposed Class*

JS 44   (Rev. 09/11)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
BRYAN ROBBINS and MARVIN FEIGES, on behalf of themselves and all others similarly situated

### DEFENDANTS
THE COCA-COLA COMPANY, a Delaware Corporation

**(b)** County of Residence of First Listed Plaintiff: SAN DIEGO
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Law Offices of Ronald A. Marron, APLC
3636 Fourth Ave., Suite 202, San Diego, CA 92103
(619) 696-9006

Attorneys *(If Known)*
'13CV0132 IEG  NLS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| | | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Med. Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 791 Empl. Ret. Inc. Security Act | | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 220 Foreclosure | ☐ 441 Voting | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition) | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
47 U.S.C. Section 227 - Telephone Consumer Protection Act ; 5:552

Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A **CLASS ACTION** UNDER F.R.C.P. 23

DEMAND $ _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: 01/16/2013

SIGNATURE OF ATTORNEY OF RECORD: /s/Ronald A. Marron

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____