**LAW OFFICES OF RONALD A. MARRON, APLC**
RONALD A. MARRON (SBN 175650)
*ron@consumersadvocates.com*
SKYE RESENDES (SBN 278511)
*skye@consumersadvocates.com*
ALEXIS WOOD (SBN 270200)
*alexis@consumersadvocates.com*
3636 4th Avenue, Suite 202
San Diego, California 92103
Telephone:(619) 696-9006
Facsimile: (619) 564-6665

***Attorneys for Plaintiffs and the Proposed Class***

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROBBINS and MARVIN FEIGES, on behalf of themselves, all others similarly situated, and the general public,<br><br>                  Plaintiffs,<br><br>v.<br><br>THE COCA-COLA COMPANY, a Delaware Corporation,<br><br>                  Defendant. | Case No.: 13-cv-00132-IEG-NLS<br><br>CLASS ACTION<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT**<br><br>Judge:      Irma E. Gonzalez<br>Date:      April 2, 2013<br>Time:      10:30 a.m.<br>Ctrm:      4D |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

I.    INTRODUCTION ...................................................................................1

II.   RELEVANT FACTS ALLEGED IN COMPLAINT ......................................2

III.  STANDARD OF REVIEW ......................................................................4

IV.   THE TCPA ........................................................................................5

V.    ARGUMENT .......................................................................................5

      A. Plaintiffs have Stated Claims Under the TCPA Sufficient
         to Satisfy *Iqbal* and *Twombly* ...................................................5

      B. Plaintiffs have Satisfied the Notice Pleading Requirements ...................10

         1. Plaintiffs have Sufficiently Pleaded a Claim for Relief
            Under the TCPA ...............................................................10

         2. Plaintiffs have Sufficiently Pleaded Use of an Automatic
            Telephone Dialing System .................................................13

         3. Defendant's Rule 12(e) Motion Should Be Denied ...........................17

VI.   CONCLUSION ...................................................................................18

i

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

# TABLE OF AUTHORITIES

**Cases**

*Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*,
 499 F.3d 633 (7th Cir. 2007) ................................................................6

*Arista Records, LLC v. Doe 3*,
 604 F.3d 110 (2d Cir. 2010) ...............................................................17

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) .........................................................................4

*Bates v. LC System, Inc.*,
 No. 09-cv-103A, 2009 WL 3459740 (W.D.N.Y. Oct. 19, 2009) .........................9

*Beery v. Hitachi Home Elecs. (Am.), Inc.*,
 157 F.R.D. 477 (C.D. Cal. 1993) .................................................. 17, 18

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007) .........................................................................4, 7

*Connelly v. Hilton Grant Vacations Co., LLC*,
 No. 12cv599-JLS (KSC), 2012 WL 2129364 (S.D. Cal. June 11, 2012)...............
 ................................................................................ 8, 11, 12, 15

*Davidson v. Santa Barbara High Sch. Dist.*,
 48 F. Supp. 2d 1225  (C.D. Cal. 1998) ......................................... 17, 18

*Davis v. Bonewicz*,
 No. 4:11cv00356-HEA, 2011 WL 5827796 (E.D. Mo. Nov. 18, 2011) ............13

*Duran v. Wells Fargo Bank, N.A.*,
 878 F. Supp. 2d 1312 (S.D. Fla. 2012) .................................................16

*Erickson v. Pardus*,
 551 U.S. 89 (2007) ...................................................................... 7, 10

*Gilligan v. Jamco Dev. Corp.*,
 108 F.3d 246 (9th Cir. 1997) ..............................................................4

*Greene v. DirecTV, Inc.*,
 No. 10c117, 2010 WL 1506730 (N.D. Cal. Apr. 14, 2010) ................................9

*Gutierrez v. Barclays Grp.*,
 No. 10cv1012-DMS (BGS), 2011 WL 579238 (S.D. Cal. Feb. 9, 2011) ..........11

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

*Hedges v. United States*,
404 F.3d 740 (3d Cir. 2005).........................................................................6

*Hibbs-Rines v Seagate Techs., LLC,*
No. C08-05430-SI, 2009 WL 513496 (N.D. Cal. Mar. 2, 2009)........................17

*Hurrey-Maver v. Wells Fargo Home Mortg., Inc.*,
No. 09-cv-1470-DMS (NLS), 2009 WL 3647632 (S.D. Cal. Nov. 5, 2009) ........9

*Hutchens v. Alameda Cnty. Soc. Servs. Agency*,
No. C06-06870-SBA, 2008 WL 4193046 (N.D. Cal. Sept 10, 2008)................17

*In Re Jiffy Lube Int'l, Inc.*
2012 U.S. Dist. LEXIS 31926, 2012 WL 762888 (S.D. Cal. Mar. 8, 2012).......15

*Johansen v. Vivant, Inc.*,
No. 12cv7159, 2012 WL 6590551 (N.D. Ill. Dec. 18, 2012) .............................11

*Johnson v. Riverside Healthcare Sys. LP*,
534 F.3d 1116 (9th Cir. 2008) .......................................................................7

*Kazemi v. Payless Shoesource, Inc.*,
No. C09-5142-MHP, 2010 WL 963225 (N.D. Cal. Mar. 16, 2010) ...................14

*Kidd v. Ashcroft*,
580 F.3d 949 (9th Cir. 2009) .........................................................................4

*Kramer v. Autobytel, Inc.*,
759 F. Supp. 2d 1165 (N.D. Cal. 2010) ........................................... 9, 13, 14, 16

*Lozano v. Twentieth Century Fox Film Corp.*,
702 F. Supp. 2d 999 (2010) ..........................................................................14

*McCalden v. Ca. Library Ass'n*,
955 F.2d 1214 (9th Cir. 1990) .......................................................................12

*Mills v. Bristol-Myers Squibb Co.*,
No. 11cv968-PHX-FJM, 2011 WL 4708850 (D. Ariz. Oct. 7, 2011)................17

*Polich v. Burlington N., Inc.*,
942 F.2d 1467 (9th Cir. 1991) .........................................................................5

*Reyes v. Saxon Mortg. Servs., Inc.*,
No. 09cv1366-DMS (WMC), 2009 WL 3738177 (S.D. Cal. Nov. 5, 2009) ........8

*Robinson v. Midland Funding, LLC*,
No. 10-cv-2661-MMA (AJB), 2011 WL 1434919 (S.D. Cal. Apr. 13, 2011)......9

iii

*Ryabyshchuk v. Citibank (South Dakota) N.A.*,
   No. 11cv1236-IEG (WVG), 2011 WL 5976239 (S.D. Cal. Nov. 28, 2011).......11

*Satterfield v. Simon & Schuster, Inc.*,
   569 F.3d 946 (9th Cir. 2009) ........................................................................ 5, 14

*Steckman v. Hart Brewing, Inc.*,
   143 F.3d 1293 (9th Cir. 1998) ...............................................................................4

*Torres v. Nat'l Enter. Sys., Inc.*,
   No. 12cv2267, 2012 WL 3245520 (N.D. Ill. Aug. 7, 2012)...............................16

*Weber v. Dep't of Veterans Affairs*,
   521 F.3d 1061 (9th Cir. 2008) ...............................................................................7

**Statutes**

47 U.S.C. § 227 .......................................................................................................1

47 U.S.C. § 227(a)(1)...................................................................................... 10, 14

47 U.S.C. § 227(b)(1)..............................................................................................5

47 U.S.C. § 227(b)(1)(A)(iii) .................................................................................13

**Rules**

Fed. R. Civ. P. 8(a)(2) ..................................................................................... 4, 5, 7

Fed. R. Civ. P. 12(e)..............................................................................................17

**Other Authorities**

2003 FCC Order, 2003 WL 21517853 ...................................................................14

*In the Matter of Rules and Regulations Implementing the Telephone Consumer
   Protection Act of 1991,* Declaratory Ruling, 23 FCC Rcd. 559 (Jan. 4, 2008)...11

# I.   **INTRODUCTION**

This nationwide class action concerns the illegal actions of defendant The Coca-Cola Company ("Defendant") in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA").   The Complaint alleges Defendant negligently and/or willfully contacted plaintiffs Bryan Robbins and Marvin Feiges ("Plaintiffs") through "Short Message Services" ("SMS") or "text" messages on Plaintiffs' cellular telephones without Plaintiffs' consent, thereby violating the TCPA and invading Plaintiffs' privacy. *See* Complaint, (Dkt. No. 1) (citations to the Complaint are designated "¶ _").

Defendant's motion is nothing more than a delay tactic and should be summarily denied.   As examined below, the Complaint is similar to many other complaints that have been filed in other TCPA cases, and have been upheld by courts as sufficient to withstand similar motions to dismiss.   However, despite overwhelming authority to the contrary, here Defendant argues that more detailed allegations are required than are provided by Plaintiffs.   Yet an examination of the Complaint's allegations reveals that Plaintiffs clearly surpass all pleadings requirements for TCPA actions.   Plaintiffs' factual allegations are developed in well over fifteen paragraphs in the Complaint, despite Defendant's claim that Plaintiffs only provided four such paragraphs. *See* ¶¶ 9-23; Def.'s Mem. at 1:5-6. Simply put, Plaintiffs' factual allegations provide Defendant with sufficient facts as required by law to put the Defendant on notice of Plaintiffs' TCPA claims. *See* ¶¶ 9-23.

Under the TCPA, the only elements Plaintiffs must successfully plead are: (1) that the Defendant made the calls, (2) without the prior express consent of the Plaintiffs, and (3) via the use of an automatic telephone dialing system.   Plaintiffs have done just that.

1

Specifically, Plaintiffs' Complaint alleges as follows. During 2012, Plaintiffs received unsolicited text messages from Defendant marketing its Coke products. ¶ 12. Each text message was made using an automatic telephone dialing system that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator. ¶¶ 36, 41. The Complaint alleges that by using such equipment, Defendant was able to effectively send thousands of text messages simultaneously to thousands of consumers' wireless phone numbers, including Plaintiffs and the Class, without human intervention. ¶¶ 36, 41. The text messages received by Plaintiffs and the Class were sent without prior express consent. ¶¶ 36, 41. Because Plaintiffs have properly pleaded the necessary requirements to state a claim under the TCPA, this Court should deny Defendant's motion to dismiss in its entirety. In the alternative, Plaintiffs respectfully request leave to amend.

## II.   RELEVANT FACTS ALLEGED IN COMPLAINT

Like the majority of cases arising under the TCPA, the relevant facts alleged at the pleading stage of litigation in the Complaint are not particularly complex. This is a "texting" or SMS "short message" case, and not a case where Defendant actually dialed and spoke with the Class members. SMS is a messaging system that allows cellular telephone subscribers to use their cellular telephones to send and receive short text messages, usually limited to 160 characters. ¶ 9. A text message is a call that is directed to a wireless device though the use of the telephone numbers assigned to the device. ¶ 10. Cell phone users must frequently pay their wireless service providers for each text message they receive, or for a cellular text messaging plan, whether or not they authorize the receipt of the text message. ¶¶ 11, 18. These SMS cases are becoming more common as companies search for better and more efficient ways to market their products, and sometimes skirt the consent requirements, sending thousands of these text messages at a time.

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

1 Defendant here is no different.   Defendant marketed its products here by
2 transmitting advertisements via SMS or text messaging to consumers.  ¶ 12.

3        During 2012, Defendant sent mass transmissions of unauthorized SMS or
4 text messages with the hope of generating new and continued customers of
5 Defendant's Coke products.  ¶ 12.  Having received Defendant's unsolicited text
6 messages, Plaintiffs brought suit under the TCPA, intending to stop Defendant's
7 wrongful conduct and recover statutory damages.  ¶¶ 13-16.  In 2012, Plaintiff
8 Robbins received unsolicited text messages to his wireless phone, for which he did
9 not provide consent to receive.  ¶ 13.  Plaintiff Robbins replied "STOP" to one of
10 the messages in an effort to prevent further messages.   Still, Plaintiff Robbins
11 continued to receive messages from the Defendant promoting the sale of
12 Defendant's Coke products, including Coke Zero.   ¶ 14-15.   Like Plaintiff
13 Robbins, Plaintiff Feiges also received unsolicited text message to his wireless
14 phone, for which he did not provide his consent.  ¶ 16.  The subject of these
15 messages was Defendant's promotion of its Coke products.  ¶ 16.

16        The text messages received by Plaintiffs were placed to Plaintiffs' cellular
17 telephones via an "automatic telephone dialing system" ("ATDS").   ¶¶ 17, 36, 41.
18 These text messages were sent via ATDS that had the capacity to store or produce
19 and dial numbers randomly or sequentially.   ¶¶ 17, 36, 41.   "By using such
20 equipment, Defendant was able to effectively send thousands of text messages
21 simultaneously to lists of thousands of wireless phone numbers of consumers
22 without human intervention.  These text messages were made en masse though the
23 use of a short code and without the prior express consent of the Plaintiffs and other
24 members of the Class to receive such text messages."  ¶¶ 36.  Plaintiffs incurred
25 charges for the unsolicited incoming text messages sent by Defendant.  ¶¶ 11, 18.
26 Because Plaintiffs never expressly authorized, consented, or requested to receive
27 text message calls from Defendant, Plaintiffs have brought this class action on
28

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

behalf of themselves, all other similarly situated and the general public who received text message calls from Defendant without consent.  ¶¶ 24-26.

### III.   **STANDARD OF REVIEW**

A complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," so as to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  Fed. R. Civ. P. 8(a)(2).  A complaint is sufficient if the facts give rise to "a reasonable expectation that discovery will reveal evidence" of the plaintiff's claims.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) ("*Twombly*").

In a Rule 12(b)(6) motion, the court must accept all factual allegations of the complaint as true, "draw inferences from those allegations in the light most favorable to the plaintiff," and "construe the complaint liberally."  *Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009).  "*Twombly* does not require a court at the motion-to-dismiss stage to consider whether the factual allegation are probably true.  We made it clear, on the contrary, that a court must take the allegations as true, no matter how skeptical the court may be."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 694 (2009)*; see Twombly*, 550 U.S. at 555 (a court must proceed "on the assumption that all allegations in the complaint are true (even if doubtful in fact)"); *id.* at 556 ("[A] well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of the facts alleged is improbable")."

Motions to dismiss are "viewed with disfavor" and "rarely granted."  *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir. 1997).  "Dismissal of claims that fail to meet this standard should be with leave to amend."  *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1296 (9th Cir. 1998).  The plaintiff should be allowed leave to amend his or her complaint unless it is clear that no amount of

4

amending can save the complaint.  *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir. 1991).

## IV.   THE TCPA

The relevant portion of the TCPA provides as follows:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States – (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or any artificial or prerecorded voice… (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1) (2006).

Text messages are characterized as "calls" under the TCPA. *See Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 952 (9th Cir. 2009).

## V.   ARGUMENT

### A.   Plaintiffs have Stated Claims under the TCPA Sufficient to Satisfy *Iqbal* and *Twombly*

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, Plaintiffs' Complaint need only contain a "short and plain statement of the claim showing that [they are] is entitled to relief."  Here, Defendant asks that Plaintiffs plead items in this TCPA action that have never been required by any court, under the guise of needing this information in order to respond to the Complaint.  *See* Def.'s Mem. at 3-4.  Defendant argues that Plaintiffs need to allege the following items far beyond the scope of any statutory or case authority:

- the exact dates in 2012 when the texts were received;

- how many text messages were received;

- the exact content of the messages;

- the SMS code from which the messages were sent;

5

- how Defendant had Plaintiffs' phone numbers;

- whether Plaintiffs participated in any promotional campaign; and

- "any other information" Defendant might need to help it in investigating and responding to the Complaint. *Id.*

Surprisingly, Defendant failed to cite any authority in support of any of the above requests to require Plaintiffs to allege such information to be alleged in a TCPA action. Even a cursory review of the above "wish list" reveals that these items will all be learned in discovery. Moreover, some of this information is strictly under the Defendant's control at present, *i.e.*, how Defendant obtained Plaintiffs' phone numbers. Simply put, Plaintiffs are not required to plead any of the items Defendant requested to sustain a TCPA case.

By making the request for such detailed information, Defendant claims that *Twombly*, as further modified by *Iqbal*, has somehow radically altered Rule 8(a)(2) and created a fact-pleading standard that Plaintiffs have failed to meet.[1] This is simply not the case. Additionally, "[t]he defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 740, 750 (3d Cir. 2005). Defendant has failed to meet its burden of proving that "Plaintiffs have failed to allege sufficient facts to state claim for relief that is plausible on its face." Def.'s Mem. at 3:15-16.

Under *Twombly*, Plaintiffs' allegations will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the Complaint must describe the claim in sufficient detail to give Defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the Complaint's allegations must plausibly suggest that Plaintiffs have a right to relief, raising the possibility above a level of

---

[1] Courts nationwide have noted that "In *Erickson v. Pardus*, . . .decided two weeks after *Twombly*, the Court clarified that *Twombly* did not signal a switch to fact-pleading in the federal courts." *Airborne Beepers & Video, Inc. v. AT&T Mobility, LLC*, 499 F.3d 633, 667-688 (7th Cir. 2007).

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

speculation.  *See Twombly*, 550 U.S. at 544-55.  This is consistent with the requirements of Rule 8(a)(2), which requires a complaint to "provide a 'short and plain statement of the claim showing [they are] entitled to relief.'  This is not an onerous burden.  'Specific facts are not necessary; the statement need only give the defendant[s] fair notice of what . . . the claim is and the ground upon which it rests."  *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1112 (9th Cir. 2008) (quoting Fed. R. Civ. P. 8(a)(2) and *Erickson v. Pardus*, 551 U.S. 89 (2007)).

Defendant claims that Plaintiffs are required to allege precise factual details far more detailed than necessary under case law.  Def.'s Mem. at 3-4.  Indeed, Defendant argues that Plaintiffs should allege sufficient allegations in the Complaint to essentially prove their entire case, without the benefit of discovery, including information currently in the sole possession of Defendant.  This is not the proposition that *Twombly* or *Iqbal* stand for.  As such, following Defendant's logic would run afoul of the Federal Rules.  *See Weber v. Dep't of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (citing *Twombly*, 550 U.S. 544).

Here, Plaintiffs' Complaint meets the federal pleading requirements because it contains sufficient detail to give Defendant "fair notice" of Plaintiffs' claims and the grounds on which those claims rest.  Specifically, Plaintiffs' Complaint alleges that: (1) Defendant sent numerous "SMS" or text messages to Plaintiffs on their cellular telephones (¶¶ 1, 12-16, 25, 27, 36, 41); (2) Plaintiffs never provided prior express consent to receive promotional "SMS" or text messages from Defendant (¶¶ 13-16, 20, 25, 27, 31, 36, 41); (3) these "SMS" or text messages were placed through the use of an automatic telephone dialing system (¶¶ 17, 25, 36, 41); and (4) Plaintiffs were charged for the text messages.  ¶ 18.  These allegations are more than sufficient to state a claim for violations of the TCPA and provide Defendant with fair notice.

Further, these allegations plausibly suggest Plaintiffs have a right to relief. This Complaint alleges far more than a recitation of a violation of the statutory requirements the TCPA.  Far from it, the Complaint alleges the types of SMS messages sent, their purpose, the general time frame in which they were sent, the lack of initial prior express consent and the subsequent further revocation of consent if Defendant claims such consent existed to begin with, and that the text messages were sent with an ATDS.  Statutory damages are also alleged: as a result of Defendant's transmission of unsolicited SMS or text messages *en masse* via the use of an ATDS, it is alleged that Plaintiffs and the Class are entitled to an award of $500.00 in statutory damages for each and every negligent violation by Defendant.  ¶¶ 13-23, 25, 27, 31, 35-39.  The Complaint also alleges that Plaintiffs are entitled to $1,500.00 for each and every knowing and/or willful violation of the TCPA by Defendant.  ¶¶ 13-23, 25, 27, 31, 40-44.

Here, Defendant completely ignores the well-established line of cases rejecting similar motions to dismiss.  Ample authority exists that Plaintiffs have stated a claim upon which relief can be granted.  In *Connelly v. Hilton Grant Vacations Co., LLC*, No. 12cv599-JLS (KSC), 2012 WL 2129364 (S.D. Cal. June 11, 2012), this Court denied defendants' motion to dismiss plaintiff's TCPA claims, finding that a reading of plaintiff's complaint provided sufficient allegations that supported a reasonable inference to allow a cause of action for violation of the TCPA to withstand a motion to dismiss.  In that case, the Court rejected Defendant's argument that Plaintiffs should plead additional facts about the ATDS and consent.  *Id*. at *4.

Like in *Connelly*, a reading of Plaintiffs' Complaint provides sufficient facts and information upon which relief can be granted.  *See supra* Section II*; see also Reyes v. Saxon Mortg. Servs., Inc.*, No. 09cv1366-DMS (WMC), 2009 WL 3738177, at *4 (S.D. Cal. Nov. 5, 2009) (TCPA complaint properly pleaded where

"factual bases for this claim are Plaintiff's allegations that Defendant 'frequently made calls of Plaintiff's cell phone using an automatic telephone dialing system (including an automated failing machine, dialer, and auto-dialer) and an artificial or prerecorded voice'"); *Hurrey-Maver v. Wells Fargo Home Mortg., Inc.*, No. 09-cv-1470-DMS (NLS), 2009 WL 3647632, at *4 (S.D. Cal. Nov. 5, 2009) (same); *Robinson v. Midland Funding, LLC*, No. 10-cv-2661-MMA (AJB), 2011 WL 1434919, at *3 (S.D. Cal. Apr. 13, 2011) (denying motion to dismiss and stating: "Here, although Plaintiff's allegation that Defendant made calls to his cellular telephone via an 'automatic telephone dialing system' . . .using 'an artificial or rerecorded voice' for which he was charged . . . seems vague, neither section 227(b)(1)(A)(iii) nor Federal Rule of Civil Procedure 8 required Plaintiff to plead his claim with particularity."); *Greene v. DirecTV, Inc.*, No. 10c117, 2010 WL 1506730, at *2 (N.D. Cal. Apr. 14, 2010) (denying motion to dismiss TCPA claim because "the four corners of [plaintiff]'s complaint assert that [defendant] used an automatic telephone dialing system of an artificial or prerecorded voice to call [plaintiff's cell phone when she had not provided prior express consent."); *Bates v. LC System, Inc.*, No. 09-cv-103A, 2009 WL 3459740, at *2 (W.D.N.Y. Oct. 19, 2009) (denying motion to dismiss because all allegations are presumed true and plaintiff alleged he did not "consent to the calls").

Further, Plaintiffs are not required to prove their case through the allegations in their Complaint. The Federal Rules of Civil Procedure allow for discovery, such that the federal notice pleading standard does not require Plaintiffs to allege all factual details at the pleading stage about the time and context of every text message. *See Robinson*, 2011 WL 1434919, at *3; *Kramer v. Autobytel, Inc.*, 759 F. Supp. 2d 1165, 1172 (N.D. Cal. 2010) ("Rule 8 does not require [plaintiff] to plead his claims with particularity.") Therefore, as discussed, Plaintiffs have met

9

the requirements of Rule 8 under *Twombly* and *Iqbal*, and sufficiently pleaded their claims for violation of the TCPA by Defendant.

**B.**   **Plaintiffs have Satisfied the Notice Pleading Requirements**

**1.**   **Plaintiffs have Sufficiently Plead a Claim for Relief under the TCPA**

The elements of a TCPA claim are: (1) the Defendant called a cellular telephone number; (2) without the recipient's prior express consent; and (3) using an automatic telephone dialing system.   *See* 47 U.S.C. § 227(a)(1).   Setting aside Defendant's selective reading of the Complaint, Plaintiffs clearly pleaded a violation of the TCPA against Defendant.   *See Erickson*, 551 U.S. 89 ("Specific facts are not necessary; the statement need only 'give the defendant fair notice'").

As discussed *supra*, the Complaint states that in 2012 Plaintiffs received various SMS or text messages to their wireless phones for which they provided no express consent to receive and for which they incurred a charge.   ¶¶ 11, 13-16, 18. The Defendant sent the text messages in an effort to promote its Coke products via the use of an ATDS, which has the capacity to store or produce and dial numbers randomly or sequentially, to send text messages to Plaintiffs' cellular telephones. ¶¶ 12-17.   Accordingly, Plaintiffs have stated a claim for relief under the TCPA.

Defendant's argument that "[a]bsent allegations describing the content of the messages, Coca-Cola cannot reasonably investigate and respond to Plaintiffs' allegations" is erroneous.   The Complaint, read as a whole, contains sufficient facts to give Defendant notice of the content of the SMS messages and Plaintiffs' lack of consent, such that Defendant is on notice it will have to defend against causes of action based on its violation of the TCPA, as discussed *supra* and *infra*.   *See also*

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

¶¶ 12-16 (alleging text messages were Defendant's advertisements for its Coke products).[2]

Further, Defendant's desire to seek additional factual information is not warranted at this stage in the litigation, and is appropriately reserved for the discovery stage of this litigation. Plaintiffs *have* alleged they received the text messages in 2012, well within the four-year statute of limitations. ¶¶ 12-16. Further, Plaintiffs *have* explained the content of the unsolicited text messages they received – Plaintiffs received promotional text messages about Defendant's Coke products, including Coke Zero. ¶¶ 12-16. Thus, the information provided by Plaintiffs is sufficient to give Defendant a basis for investigating Plaintiffs' claims and defending against them.

Furthermore, Defendant's argument about the pleading of consent is misplaced. Plaintiffs have alleged that such text messages were made without their prior express consent. ¶¶ 13-16. It is well-established and this Court has determined that whether consent was provided by Plaintiffs is an affirmative defense, and the burden of proving that affirmative defense is clearly on Defendant. *See Connelly*, 2012 WL 2129364, at *3 ("express consent is an affirmative defense to be raised and proved by a TCPA defendant, however, and is not an element of Plaintiffs' TCPA claim"); *see also Ryabyshchuk v. Citibank (South Dakota) N.A.*, No. 11cv1236-IEG (WVG), 2011 WL 5976239 (S.D. Cal. Nov. 28, 2011) ("[T]he FCC recognized the heavy burden a consumer might face

---

[2] While not relevant to this motion to dismiss which is only concerned with the Complaint's allegations, Plaintiffs have informally provided Defendant with their cellular telephone numbers, to allow Defendant to investigate the allegations of Plaintiffs' Complaint. Armed with Plaintiffs' names and cellular telephone numbers, it is not unduly burdensome for Defendant to check its own database for the existence of SMS or text messages sent to Plaintiffs. *See Johansen v. Vivant, Inc.*, No. 12cv7159, 2012 WL 6590551, at *2 (N.D. Ill. Dec. 18, 2012).

---

11

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT

in trying to prove that he *did not* provide prior express consent."); *Gutierrez v. Barclays Grp.*, No. 10cv1012-DMS (BGS), 2011 WL 579238 (S.D. Cal. Feb. 9, 2011); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,* Declaratory Ruling, 23 FCC Rcd. 559 (Jan. 4, 2008) ("2008 Declaratory Ruling").  That lack of consent is sufficiently alleged to satisfy any requirements on a motion to dismiss.  "Moreover, 'for a complaint to be dismissed because the allegations give ride to an affirmative defense[,] the defense clearly must appear on the face of the pleading.'"  *Connelly*, 2012 WL 2129364, at *2 (citing *McCalden v. Ca. Library Ass'n*, 955 F.2d 1214, 1219 (9th Cir. 1990)).

And Defendant's reliance on *Ibey v. Taco Bell Corp.*, No. 12cv0583, 2012 WL 2401972, at *3 (S.D. Cal. June 18, 2012) is also misplaced, especially on the consent issue.  Unlike this case, *Ibey* was a "confirmatory" text case and the only wrongful conduct alleged there was the one text sent to the plaintiff after a consensual communication was found to have existed as alleged in the complaint.  The issue there was whether plaintiff had revoked such prior consent that - as alleged in that complaint had already existed - but allegedly was revoked by texting STOP, and the only wrongful conduct was defendant's confirming receipt of the STOP text message revoking consent.  Here, Plaintiffs allege there was never any prior express consent, (¶¶ 13-16) and that ALL texts, not just any received after texting STOP, were sent without prior express consent.  It is alleged that Plaintiff Robbins received many text messages before and after the texting of STOP; this is clearly not an allegation of only a "confirmatory" text message.  ¶15.

Thus, the allegations in Plaintiffs' Complaint about the unsolicited text messages they received, without their prior express consent, does not and should not defeat Plaintiffs' TCPA claims.  *See id.*

The Northern District of Illinois Court case, *Abbas v. Selling Source, LLC*, No. 09cv3413, 2009 WL 4884471 (N.D. Ill. Dec. 14, 2009) cited by Defendant,

Def.'s Mem. at 5:18-21, is an anomaly.  In fact, in a later case, the same court disagreed "with the *Abbas* court to the extent that it conclude[d] that notice pleading requires a plaintiff alleging a TCPA violation to plead details about every text message allegedly sent."  *Strickler v. Bijora, Inc.*, No. 11cv3468, 2012 WL 5386089, *2 (N. D. Ill. Oct. 30, 2012).  In *Strickler*, the court denied defendant's motion to dismiss, finding plaintiff provided defendant fair notice of what his claim was and the grounds for relief.  That court also rejected *Abbas'* requirements in *Kramer*, finding that although the defendant "is entitled to notice of the basis of the lawsuit . . . Rule 8 does not require [plaintiff] to plead him claim with particularity."  That court also noted that "because the TCPA is designed to combat mass unsolicited commercial telemarketing, at times involving thousands of class or text messages, notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every text message." *Kramer*, 759 F. Supp. 2d at 1172.

Lastly, Defendant cites *Davis v. Bonewicz*, No. 4:11cv00356-HEA, 2011 WL 5827796, *3 (E.D. Mo. Nov. 18, 2011), where the court dismissed a plaintiff's Fair Debt Collection Practices claim for "fail[ing] to set forth enough facts to state a claim for relief," but Defendant fails to point out the *Davis* court denied defendant's motion to dismiss the plaintiff's TCPA claims.  *Id*. at *3.

Thus, the Complaint, read as a whole, contains sufficient facts to put Defendant on notice that it will have to defend against Plaintiffs' claims for violation of the TCPA, and how Plaintiffs allege Defendant violated the TCPA. Nothing more is necessary.

### 2.  Plaintiffs have Sufficiently Pleaded use of an Automatic Telephone Dialing System

The TCPA prohibits persons from making calls using an "automatic telephone dialing system," 47 U.S.C. § 227(b)(1)(A)(iii), which is defined as

13

"equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." *Id.* at § 227(a)(1).

"When evaluating the issue of whether equipment is an [automatic telephone dialing system], the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.'" *Satterfield*, 569 F.3d at 951 (quoting 47 U.S.C. § 227(a)(1)). The plain language of the TCPA does not require use of the system's capacity to actually send the unlawful text messages to random or sequentially generated numbers. *Id.* at 950 ("a system need not actually store, produce or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it."); *see also Lozano v. Twentieth Century Fox Film Corp.*, 702 F. Supp. 2d 999, 1011 (2010). Here, Plaintiffs pleaded Defendant's use of an ATDS. ¶¶ 17, 36, 41.

Time and time again, allegations that a defendant used a dedicated SMS short code to transmit generic, impersonal messages "*en masse*" to consumers have been deemed sufficient to allege the use of an ATDS in satisfaction of federal pleading requirements. *See Kramer*, 759 F. Supp. 2d at 1172; *Kazemi v. Payless Shoesource, Inc.*, No. C09-5142-MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010); *Abbas*, 2009 WL 4884471, at *3; *Lozano*, 702 F. Supp. 2d at 1010-11; *see also* 2003 FCC Order, 2003 WL 21517853 at *46 (confirming that the ATDS requirements was to be interpreted broadly to apply to a wide spectrum of evolving technologies, including technology that is used to dial "lists" or "databases" of numbers, since such technology has the basic functional "capacity to dial numbers without human intervention."). Furthermore, in *Connelly*, the court made it clear that "the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called,

14

using a random or sequential number generator" citing *Satterfield*, and held that it does not matter if the numbers are generated randomly or sequentially, what matters is that the machine could arguably 'store . . . telephone numbers to be called'" *Connelly*, 2012 WL 2129364, at *5, citing *In Re Jiffy Lube Int'l, Inc.* 2012 U.S. Dist. LEXIS 31926, at *18-19 n. 8, 2012 WL 762888 (S.D. Cal. Mar. 8, 2012).

Therefore, Plaintiffs need only to allege that the equipment Defendant used to dial Plaintiffs' numbers and send them SMS or text messages has the capacity to store numbers called, or alternatively generate numbers randomly or sequentially. Plaintiffs have done just that and nothing more is necessary in pleading the use of an ATDS. ¶¶ 17, 36, 41.

On the ATDS pleading issue, *Ibey v. Taco Bell Corp.*, cited by Defendant, is distinguishable. There the court clearly stated "[t]o constitute an ATDS under the statute, the equipment must have the capacity to store or produce telephone numbers to be sent text message and use a random or sequential number generator to text the numbers 47 U.S.C. § 227(a)(1)." *Ibey*, 2012 WL 2401972, at *3. In *Ibey*, plaintiff failed to state that the "device has the capacity to store or produce telephone numbers not that the system uses a random or sequential number general [sic] to text message the numbers," so the court dismissed plaintiff's TCPA claim with leave to amend. *Id.* at *3. Here, Plaintiffs have alleged that Defendant used ATDS "which had the capacity to store or produce and dial numbers randomly or sequentially, to place telephone calls and/or SMS or text message to Plaintiffs' cellular telephones." ¶¶ 17, 36, 41.

Like the plaintiffs in *Kramer*, *Kazemi*, and *Lozano*, Plaintiffs here support their allegations that Defendant used an ATDS with facts regarding the messages and the equipment used to transmit it. Plaintiffs pleaded that they received unsolicited SMS or text messages from Defendant, promoting its Coke products.

¶¶ 12-16.  Such unsolicited text messages were placed with an ATDS, which had the *capacity* to store or produce and dial numbers randomly or sequentially, to send text messages to Plaintiffs' cellular telephone. ¶¶ 17, 36, 41.  By using an ATDS, Defendant was able to effectively send thousands of text messages simultaneously to lists of thousands of consumers' wireless telephone numbers without human intervention.  ¶¶ 36, 41.  Lastly, it is alleged that the text messages were sent nationwide for promotional purposes to customers or potential customers of Defendant's Coke products, and thus were not personal in nature.  ¶ 12.

Thus, Plaintiffs' complaint provides ample allegations that Defendant used an ATDS in violation of the TCPA to send mass text messages to Plaintiffs and the Proposed Class.  *See Kramer*, 759 F. Supp. 2d at 1172 (finding that "because the TCPA is designed to combat mass unsolicited commercial telemarketing, at times involving thousands of calls or text messages, notice pleading standards do not require a plaintiff to allege details at the pleading stage about the time and context of every message"), *Compare* ¶¶ 12-16, 36, 41.  Thus, viewed in the light most favorable to Plaintiffs, these allegations plausibly suggest that Defendant used an ATDS.

These allegations are sufficient to make it more than plausible that the text messages at issues were sent using an ATDS, particularly when, as discussed above, the technical facts that support such an allegation are currently within the exclusive knowledge of the Defendant.  "It would be unreasonable to require a plaintiffs with a TCPA claim to alleged details regarding the system used to send offending communications."  *Strickler*, 2012 WL 5386089, at *2; *see also Torres v. Nat'l Enter. Sys., Inc.*, No. 12cv2267, 2012 WL 3245520, at *3 (N.D. Ill. Aug. 7, 2012).

*Duran v. Wells Fargo Bank, N.A.*, 878 F. Supp. 2d 1312, 1316 (S.D. Fla. 2012), cited by Defendant, is similarly distinguishable.  In *Duran*, the plaintiff's

16

complaint negated the allegation that plaintiff was called by an ATDS.  There the court ruled that plaintiff failed to allege he was called by an ATDS as required by the TCPA, and spoke with defendant's representative, so the TCPA claim was dismissed without prejudice.  The Complaint here clearly alleges what was found to be missing in *Duran*.  Complaint ¶¶ 17, 36, 41.

Lastly, Defendant attempts to convince this Court that *Twombly* and *Iqbal* have somewhat abolished pleadings based upon information and belief.  Defendant is wrong.  "*Twombly* does not prevent a plaintiff from pleading facts on information and belief when the information is either 'peculiarly' within a defendant's control or where a belief is based on facts that make an inference of liability plausible."  *Mills v. Bristol-Myers Squibb Co.*, No. 11cv968-PX-FJM, 2011 WL 4708850, at *2 (D. Ariz. Oct. 7, 2011) (citing *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *see also Hutchens v. Alameda Cnty. Soc. Servs. Agency*, No. C06-06870-SBA, 2008 WL 4193046, *5 (N.D. Cal. Sept 10, 2008).

### 3.  Defendant's Rule 12(e) Motion should be Denied

Defendant alternatively moves for a more definite statement under Federal Rule of Civil Procedure 12(e).  Rule 12(e) motions are viewed with disfavor and should be granted only on the rare occasion "when the complaint is so vague that the defendant cannot discern the nature of plaintiff's claims and thus cannot fame a response."  *Hibbs-Rines v Seagate Techs., LLC,* No. C08-05430-SI, 2009 WL 513496, at *2 (N.D. Cal. Mar. 2, 2009).  A Rule 12(e) motion should be considered in light of the liberal pleading standards embodied in Rule 8(a) and thus may only be used to attack the unintelligibility of a complaint rather than a mere lack of detail.  *Id*.  If the complaint puts the defendant on notice of the substance of the plaintiff's claims a 12(e) motion should not be granted.  *Id.*, at *3.  Further, if the detail sought by a motion for a more definite statement is obtainable through

discovery, the motion should be denied.  *See Beery v. Hitachi Home Elecs. (Am.), Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993); *Davidson v. Santa Barbara High Sch. Dist.*, 48 F. Supp. 2d 1225, 1228 (C.D. Cal. 1998).

Here, Defendant cannot contend that Plaintiffs' complaint has failed to put them on notice of the substance of Plaintiffs' claims.  Defendant's own recitation of the facts makes clear that they understand Plaintiffs' allegations and really only seek *additional details* that can easily and should be sought through discovery.  *See Beery,* 157 F.R.D. at 480; *Davidson*, 48 F. Supp. 2d at 1228.  For the reasons stated above, Defendant's request for a more definite statement under Rule 12(e) should be denied.

## VI.   <u>CONCLUSION</u>

Plaintiffs' allegations squarely meet each element of their TCPA claims and have put Defendant on sufficient notice of those claims.  For the aforementioned reasons, Plaintiffs respectfully request the Court deny Coca-Cola's Motion to Dismiss in its entirety.  In the event the Court finds that Plaintiffs' claims are insufficiently pleaded, Plaintiffs request that the Court grant them leave to amend.

Dated:       March 19, 2013       */s/ Ronald A. Marron*
                                  By: Ronald A. Marron
                                  **LAW OFFICES OF RONALD A.**
                                  **MARRON, APLC**
                                  RONALD A. MARRON
                                  SKYE RESENDES
                                  3636 4th Avenue, Suite 202
                                  San Diego, California 92103
                                  Telephone: (619) 696-9006
                                  Facsimile: (619) 564-6665

                                  ***Attorneys for Plaintiffs and the Proposed Class***

*Robbins v. The Coca-Cola Company*, Case No. 13-cv-00132-IEG-NLS
PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS COMPLAINT