# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROBBINS and MARVIN FEIGES, individually and on behalf of all other similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>THE COCA-COLA-COMPANY,<br><br>Defendant. | CASE NO. 13-CV-132 - IEG (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT**<br><br>[Doc. No. 7] |

Before the Court is Defendant The Coca-Cola Company ("Coke")'s motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, in the alternative, for a more definite statement pursuant to Federal Rule of Civil Procedure 12(e). [Doc. No. 7.] For the reasons below, Defendant's motion is **DENIED** in its entirety.

## BACKGROUND

During 2012, Plaintiffs received numerous short message service ("SMS") text messages promoting Coke products. [*See* Doc. No. 1.] This putative class action alleges Defendant sent those text messages in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(b)(1)(A)(iii), and seeks statutory damages of $500 per negligent violation and up to $1500 per knowing or willful violation. [*Id.*] With the present motion, Defendant argues that by failing to allege the exact dates, time, SMS codes, cellular phone numbers, contents, and other

details in regard to the alleged text messages, Plaintiffs fail to state a plausible claim under the TCPA. [*See* Doc. No. 7.] In the alternative, Defendant moves for a more definite statement that includes these details. [*Id.*]

## DISCUSSION

### I.   Motion to Dismiss

Under Federal Rule of Civil Procedure 8(a)(2), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) test the sufficiency of this required showing. *New Mexico State Investment Council v. Ernst & Young LLP*, 641 F.3d 1089, 1094 (9th Cir. 2011).

"Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. But the plausibility standard "does not require [courts] to flyspeck complaints looking for any gap in the facts." *Lacey v. Maricopa County*, 693 F.3d 896, 924 (9th Cir. 2012) (en banc) (citing *Iqbal*, 556 U.S. at 677-78). "'Specific facts are not necessary.'" *Moss v. U.S. Secret Service*, 572 F.3d 962, 968 (9th Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)); *see also Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (plausibility standard does not require "the who, what, when, where, and how of the misconduct alleged."). Nor is "[t]he standard at this stage . . . that plaintiff's explanation must be true or even probable." *Starr v. Baca*, 652 F.3d 1202, 1216-17 (9th Cir. 2011). "The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.* at 1217 (quoting *Iqbal*, 556 U.S. at 681). If "the complaint's factual allegations, together with all reasonable inferences, state a plausible claim for relief," dismissal must be

denied.  *Cafasso*, 637 F.3d at 1054 (citing *Iqbal*, 556 U.S. at 677).

In this case, Plaintiffs base their claims on the TCPA, which in pertinent part provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system [("ATDS")] or an artificial or prerecorded voice—
> ...
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 U.S.C. § 227(b)(1)(A)(iii).  *Inter alia*, this statutory language "make[s] it unlawful to use an automatic telephone dialing system [("ATDS")]. . ., without the prior express consent of the called party, to call any . . . cellular telephone."  *Mims v. Arrow Financial Services, LLC*, _ U.S. _, 132 S.Ct. 740, 745 (2012); *see also Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 955 (9th Cir. 2009).  "Whether Plaintiffs gave the required prior express consent is an affirmative defense to be raised and proved by a TCPA defendant, however, and is not an element of Plaintiffs' TCPA claim."  *Connelly v. Hilton Grant Vacations Co., LLC*, 2012 WL 2129364, at *3 (S.D. Cal. June 11, 2012).  Thus, to plead a TCPA claim, Plaintiffs need only allege two elements: (1) a call to a cellular telephone; (2) via an ATDS.  *See id.* ("The TCPA prohibits persons from making calls using an automatic telephone dialing system.") (internal quotation omitted).

### A.  A Call to a Cellular Phone

A "text message is a 'call' within the TCPA."  *Satterfield*, 569 F.3d at 954.  Plaintiffs allege numerous text messages to their cellular phones.  [Doc. No. 1 at 12-17.]  Defendant contends these allegations fail to allege a call under the TCPA because they fail to specify the precise time, content, and context of the subject text messages.  [*See* Doc. No. 7 at 3-5.]  But the language of the TCPA makes no reference to the time, content, sequence, or volume of calls or messages as a

prerequisite to liability; rather, the wording of the statute is expansive and content neutral. *See Satterfield*, 569 F.3d at 955 (finding a single text message actionable); *see also Melingonis v. Network Communs. Int'l Corp.*, 2010 WL 4918979, at *1 (S.D. Cal. Nov. 29, 2010) ("We note that [the TCPA] applies regardless of the content of the call.") (internal quotation omitted); *Robinson v. Midland Funding, LLC*, 2011 WL 1434919, at *3 (S.D. Cal. April 13, 2011) ("the federal notice pleading standards do not require a plaintiff to allege details . . . about the [call's] time and context."). To allege a call under the TCPA, Plaintiffs need only allege text messages to their cellular phones by Defendant. *See Satterfield*, 569 F.3d at 954. Plaintiffs here have done so and thus sufficiently allege calls under the TCPA.

**B.     Via an ATDS**

"An ATDS is defined as 'equipment which has the capacity - (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.'" *Gragg v. Orange Cab Co., Inc.*, 2013 WL 195466, at *2 (W.D. Wash. Jan. 17, 2013) (quoting 47 U.S.C. § 227(a)(1)). "Plaintiffs alleging the use of a particular type of equipment under the TCPA are generally required to rely on indirect allegations, such as the content of the message, the context in which it was received, and the existence of similar messages, to raise an inference that an automated dialer was utilized. Prior to the initiation of discovery, courts cannot expect more." *Id*. at *2 n.3; *see also Hickey v. Voxernet LLC*, 887 F.Supp.2d 1125, 1130 (W.D. Wash. Aug. 13, 2012) ("allegation[s] regarding the generic content and automatic generation of the message [are] sufficient to infer the use of an ATDS."). "The issue is whether the allegations of the complaint, taken as a whole and including the nature of the communication, give rise to a plausible belief that the message was sent using an ATDS." *Gragg*, 2013 WL 195466, at *2 n.3

Here, Plaintiffs allege numerous text messages received without prior consent, sent nationwide and en masse via SMS, promoting Coke Zero and other Coke

products. [*See* Doc. No. 1 at ¶¶12-17.] These allegations, though indirect, suffice to plead the use of an ATDS in connection with Plaintiffs' TCPA claims. *See, e.g.*, *In re Jiffy Lube Intern., Inc., Text Spam Litig.*, 847 F.Supp.2d 1253, 1260 (S.D. Cal. 2012) ("Plaintiffs have stated that they received a text message from an SMS short code and that the message was sent by a machine with the capacity to store or produce random telephone numbers. While additional factual details about the machines might be helpful, further facts are not required to move beyond the pleading stage.").

Because Plaintiffs allege sufficient factual content to support each element of the TCPA claims alleged, Defendant's motion to dismiss for failure to state claim is **DENIED**.

## II.     Motion for a More Definite Statement

Defendant also moves in the alternative for a more definite statement. [Doc. No. 7 at 7-8.] Federal Rule of Civil Procedure 12(e) provides for a more definite statement only where a pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed. R. Civ. P. 12(e). Given the liberal pleading standards applicable under the federal rules, *see* Fed. R. Civ. P. 8, "Rule 12(e) motions are viewed with disfavor and are rarely granted," *Valasquez v. HSBC Finance Corp.*, 2009 WL 112929, at *1 (N.D. Cal. Jan. 16, 2009). Even when properly asserted, "[a] motion for more definite statement attacks intelligibility, not simply lack of detail," *Gregory Village Partners v. Chevron, USA.*, 805 F.Supp.2d 888 (N.D. Cal. 2011), and will be granted "only if the [challenged pleading] is so indefinite that the defendant cannot ascertain the nature of the claim being asserted, meaning the [pleading] is so vague that the defendant cannot begin to frame a response." *Craigslist, Inc. v. Autoposterpro, Inc.*, 2009 WL 890896, at *4 (N.D. Cal. March 31, 2009). Reciprocally, where a pleading "is specific enough to apprise the responding party of the substance of the claim or defense being asserted or where the detail sought is otherwise obtainable through

1  discovery, a motion for a more definite statement should be denied." *Fernandez v.*
2  *Centric*, 2013 WL 310373, at *2 (D. Nev. Jan. 24, 2013) (internal quotation
3  omitted).
4      Here, Defendant does not challenge the intelligibility of the complaint, but
5  rather requests further detail plainly obtainable through discovery, such as the time
6  and content of the alleged text messages. [*See* Doc. No. 7 at 7-8.] Moreover,
7  Defendant's present, cogent motion to dismiss belies any suggestion that the
8  complaint is too vague for Defendant to frame a response. [*Id.*] Accordingly,
9  Defendant's motion for a more definite statement is **DENIED**.

## CONCLUSION

11      For the reasons above, the Court hereby **DENIES** Defendant's motion in its
12  entirety.
13      **IT IS SO ORDERED.**
14  **DATED:** May 22, 2013

                                *Irma E. Gonzalez*
                              **IRMA E. GONZALEZ**
                              **United States District Judge**