UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRYAN ROBBINS, *et al.*,<br><br>        Plaintiffs,<br>v.<br><br>COCA-COLA COMPANY,<br><br>        Defendant. | Civil No. 13-CV-0132-JLS (WVG)<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S *EX PARTE* APPLICATION TO CONTINUE THE DATE FOR FILING PLAINTIFF'S CLASS CERTIFICATION MOTION<br>[DOC. NO. 62] |

## I. BACKGROUND

On January 16, 2013, Plaintiffs Bryan Robbins and Marvin Feiges filed a Complaint against Defendant Coca-Cola Company (hereinafter "Defendant") in this Court on behalf of themselves and all others similarly situated, claiming Negligent Violations of the Telephone Consumer Protection Act (hereinafter "TCPA"), and Knowing and/or Willful Violations of the TCPA. See Doc. No. 1. On April 29, 2014, the Honorable Janis L. Sammartino, United States District Judge, granted the parties' Joint Motion for Dismissal of Plaintiff Feiges' Individual Claims. (Doc. No. 59.)

On September 13, 2013, the Honorable Nita L. Stormes, United States Magistrate Judge, issued a Scheduling Order in this case.[1] (Doc. No. 31.) Plaintiffs were ordered to file

---

[1] On December 3, 2013, Judge Stormes recused from this case and the Honorable
(continued...)

a motion for class certification by April 14, 2014. <u>Id.</u> at 2. On February 12, 2014, as a result of a discovery dispute, this Court issued an Amended Scheduling Order which continued the deadline to file a motion for class certification to June 13, 2014. (Doc. No. 44 at 7.)

On June 3, 2014, Plaintiff Robbins (hereinafter "Plaintiff") filed an *Ex Parte* Application to Continue the Date for Filing Plaintiff's Class Certification Motion. (Doc. No. 62.) Plaintiff seeks to extend the deadline for filing his class certification motion from June 3, 2014, to September 15, 2014. (Doc. No. 62 at 7, 19.) On June 5, 2014, Defendant filed an Opposition to Plaintiff's *Ex Parte* Application. (Doc. No. 64.)

## II. PLAINTIFF'S ARGUMENT

In his *Ex Parte* Application, Plaintiff argues that he is expecting additional discovery from Defendant and one of Defendant's vendors, non-party HelloWorld, Inc. (hereinafter "HelloWorld"). (Doc. No. 62 at 7.) Plaintiff states that he expects that the outstanding discovery will support his class certification motion. <u>Id.</u> Plaintiff claims that he needs additional time to receive and review the expected discovery prior to completing and filing his motion. <u>Id.</u> at 14.

Plaintiff argues that he was forced to litigate in the Eastern District of Michigan to compel HelloWorld to provide documents and a witness for deposition. (Doc. No. 62 at 6.) During a May 20, 2014, teleconference on Plaintiff's Motion to Enforce Subpoenas on HelloWorld, the Eastern District of Michigan ordered HelloWorld to conduct a reasonable general search of its records for Plaintiff's phone number, and ordered that Plaintiff may take the deposition of HelloWorld's Federal Rule of Civil Procedure 30(b)(6) witness. <u>Id.</u> at 14. The Eastern District of Michigan ordered this discovery to occur within thirty days of the May 20, 2014, teleconference. <u>Id.</u>

Further, Plaintiff asserts that, on May 6, 2014, Defendant agreed to supplement certain discovery responses. (Doc. No. 62 at 13.) As of the filing date of Plaintiff's *Ex Parte*

---

[1]/(...continued)
Karen S. Crawford, United States Magistrate Judge, was assigned. (Doc. No. 33.) On December 9, 2013, Judge Crawford recused from this case and this Court was assigned. (Doc. No. 34.)

Application, Plaintiff claims that Defendant had not produced the documents that it agreed to produce. Id.

### III. DEFENDANT'S ARGUMENT

In its Opposition, Defendant argues that this Court has already extended the class certification motion deadline from April 14, 2014, to June 13, 2014. (Doc. No. 64 at 3.) Defendant alleges that Plaintiff now requests time to pursue more class-related discovery even though class-related discovery closed on April 11, 2014, and Plaintiff has not requested an extension of the class-related discovery period. Id. at 3. Defendant contends that the deadline should not be extended again so that Plaintiff "can embark on still further unnecessary, untimely discovery." Id. at 3. Defendant notes that it has been over sixteen months since Plaintiff filed his Complaint and nearly ten months since the start of discovery. Id. at 8.

Defendant states that Plaintiff will receive additional discovery from Defendant and HelloWorld by June 19, 2014. (Doc. No. 64 at 17.) Therefore, Defendant argues, if the Court is inclined to grant Plaintiff additional time to file his class certification motion, the Court should continue the date until June 30, 2014, rather than the requested date of September 15, 2014. Id. Defendant contends that this will allow Plaintiff ample time to review any discovery that he will receive from Defendant and HelloWorld before filing his class certification motion. Id.

### IV. RULING

For the reasons set forth below, Plaintiff's *Ex Parte* Application is GRANTED IN PART and DENIED IN PART.

The deadline for class related discovery was April 11, 2014. (Doc. No. 44 at 6.) Since the Court extended the discovery deadline to April 11, 2014, Plaintiff has not requested an extension of the discovery deadline, nor has Plaintiff brought to the Court's attention any

further discovery disputes.[2] The Court understands that Plaintiff may have been relying on representations by Defendant and HelloWorld to provide additional requested discovery. However, Plaintiff should have brought all discovery issues to the Court's attention immediately.

On May 20, 2014, the Eastern District of Michigan ordered HelloWorld to complete discovery by June 19, 2014. Although that district set June 19, 2014, as the discovery deadline, it certainly does not mean that the parties and non-parties should wait until the deadline to produce the remaining discovery or conduct the Rule 30(b)(6) deposition. If the litigants choose to wait until the deadline, they do so at their peril that an extension request will be denied in the event that disputes arise or additional follow-up discovery must be done.

## A. EXTENSION OF CLASS CERTIFICATION MOTION DEADLINE

The Court notes that this case was filed in this Court, is being litigated in this Court, and is controlled by this Court. Thus, this Court set the schedule in this case, including all discovery deadlines and the deadline to file Plaintiff's class certification motion. While the Court appreciates the Eastern District of Michigan's assistance with the parties' dispute involving subpoenas to HelloWorld, the schedule set by this Court controls the litigation. It appears that the Eastern District of Michigan was not aware of the class certification motion deadline set by this Court when it allowed HelloWorld until June 19, 2014, to provide discovery and a witness for deposition.

Therefore, given that the parties may have relied on the schedule set by the Eastern District of Michigan, the Court will extend the deadline for Plaintiff to file his class certification motion to **July 10, 2014**. The Court will not entertain any further requests to continue the deadline.

---

[2] On April 9, 2014, the parties filed a Joint Motion Regarding Stipulation to Extend Class Discovery for Plaintiffs to Take the Deposition of Kelly Lyemance and Stephen Merwarth. (Doc. No. 55.) On April 10, 2014, this Court granted the Joint Motion and allowed Plaintiffs until April 15, 2014, to take the depositions of Ms. Lyemance and Mr. Merwarth. (Doc. No. 56.) The class related discovery deadline was not extended for any other purpose.

Additionally, the parties shall notify this Court **within three court days** of receiving a ruling on Plaintiff's class certification motion in order to set a date for a Mandatory Settlement Conference and a further Case Management Conference.

### B. DEFENDANT SHALL PRODUCE DISCOVERY

On May 6, 2014, Defendant agreed to supplement certain discovery responses. (Doc. No. 62-1 at 25-27.) **On or before June 16, 2014**, at **12:00 p.m.**, Defendant shall produce to Plaintiff all remaining discovery that it has agreed to produce. Defendant has had ample time to produce this discovery. The Court will not entertain any requests to extend the deadline for Defendant's production.

If any disputes arise, the parties shall meet and confer in good faith immediately. **On or before June 18, 2014**, the parties shall bring to the Court's attention any disputes regarding Defendant's document production.

### C. DISCOVERY ORDERED BY THE EASTERN DISTRICT OF MICHIGAN

As ordered by the Eastern District of Michigan, all remaining discovery from HelloWorld shall be produced by **June 19, 2014**, and the deposition of HelloWorld's Rule 30(b)(6) witness must be completed **on or before June 19, 2014**.

If any disputes arise, the parties shall meet and confer in good faith immediately. Any disputes Plaintiff may have with the production of discovery from HelloWorld must be brought to this Court's attention immediately.

IT IS SO ORDERED.

DATED: June 11, 2014

Hon. William V. Gallo
U.S. Magistrate Judge